```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| TAMMY RILEY, et al., | |
| Plaintiffs, | Civil No. 18-12344 (RMB/JS) |
| v. | **OPINION** |
| VICTOR ZAYAS, et al., | |
| Defendants. | |

APPEARANCES:

ANDRE A. NORWOOD, JR., ESQ.
116 N. Second Street, Suite 107
Camden, New Jersey 08102
    *Attorney for Plaintiffs*

SCARINCI HOLLENBECK
By: Roshan Deven Shah, Esq.
1100 Valley Brook Avenue, P.O. Box 790
Lyndhurst, New Jersey 07071
    *Attorneys for Defendant Rouhanifard*

STATE OF NEW JERSEY, OFFICE OF THE ATTORNEY GENERAL
By: Lauren Amy Jensen, Esq.
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    *Attorneys for Defendant Dr. Pugh-Bassett*

CAPEHART SCATCHARD
By: Jessica M. Anderson, Esq.
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mount Laurel, New Jersey 08054
    *Attorneys for Defendant Manuel Delgado*

LANDMAN CORSI BALLAINE & FORD, P.C.
By: Rachel Marie Shields, Esq.

One Gateway Center, 4th Floor
Newark, New Jersey 07102
    *Attorneys for First Student Inc., and First Student Inc. Bus Driver*

**BUMB**, UNITED STATES DISTRICT JUDGE:

As alleged in the Amended Complaint, during the relevant time period, Plaintiff D.R. and Defendant Victor Zayas were both students at LEAP Academy University Charter High School. On December 21, 2015, on the school bus after school, Zayas allegedly punched D.R. in the nose. As a result of this incident, Plaintiff and his parents have sued Zayas; Zayas' guardian; the school bus company, First Student, Inc.; the school bus driver; the COO of LEAP Academy, Manuel Delgado; the Interim County Superintendent, Dr. Lovell Pugh-Bassett; and the Superintendent of Camden City School District, Paymon Rouhanifard. (See generally, Amended Complaint).

This case is presently administratively terminated. Plaintiffs' Motion to Reopen is before the Court. The Court heard oral argument on the motion on January 24, 2019. For the reasons stated herein, the Motion to Reopen will be granted for the limited purpose of dismissing Defendants Delgado, Pugh-Bassett, and Rouhanifard from this suit, and remanding this suit to New Jersey Superior Court.

**I.**

The day before the statute of limitations was to expire, Plaintiff filed this suit in New Jersey Superior Court. (Notice of Removal ¶ 1, Ex. G) The original complaint was not a model of clarity. In one place, it identified the Defendants as "[1] LEAP Academy University Charter School; [2] Camden County Office of Education, Paymon Rouhanifard, Superintendent Camden City School District; [3] Executive County Superintendent of Schools; [4] Chief Executive Officer of First Student, Inc. Bus Company & Insurance Carrier et al.; [and 5] John Does 1 through 10." (Notice of Removal, Ex. A, ¶ 3) In other places, it named as Defendants Victor Zayas; Victor M. Zayas (the alleged "guardian" of Victor Zayas); "School Bus Driver, Jane Doe"; "Chief Executive Officer of First Student, Inc."; "Manuel Delgado, Lead Person/Chief Operations Officer, LEAP Academy"; "Dr. Lovell Pugh-Bassett, Interim Executive County Superintendent"; and "Paymon Rouhanifard, Superintendent Camden County School District." (Id. ¶¶ 13-19)

Not long after the original complaint was filed, "[o]n February 15, 2018, attorneys [sic] for plaintiffs and attorneys for First Student, Inc., First Student, Inc. Chief Executive Officer, and First Student, Inc. School Bus Driver executed and filed a stipulation dismissing with prejudice" the CEO as a Defendant, and adding First Student Inc. as a Defendant to the

3

suit. (Notice of Removal, Ex. B)[1] The original complaint was eventually amended to reflect the stipulation, although paragraph 3 of the Amended Complaint still refers to "Defendant[]" "Chief Executive Officer of First Student, Inc. Bus Company & Insurance Carrier et al." (Notice of Removal, Ex. E) The Amended Complaint was filed on July 2, 2018.

"On July 7, 2018, the Superior Court dismissed defendant LEAP Academy without prejudice for lack of prosecution." (Notice of Removal, ¶ 6, Ex. F)[2]

At the time Defendant First Student, Inc. removed the case to this Court on August 1, 2018, "Plaintiffs ha[d] not provided

---

[1] A review of the original complaint discloses no alleged factual basis supporting a claim of liability against the CEO of First Student. As a matter of general corporate and tort law, corporate officers may be liable for alleged torts committed by the corporation only if the officer personally participated in the tort. See, generally, Meyer v. Holley, 537 U.S. 280, 286 (2003) (discussing traditional vicarious liability rules and stating, "[a] corporate employee typically acts on behalf of the corporation, not its owner or officer."); N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp., 515 F. App'x 176, 181 (3d Cir. 2013) ("under the ['participation theory'] of liability, a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort.") (citing Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002)). The complaint alleged no such participation by the CEO of First Student, nor would such alleged involvement appear to be plausible under the facts that were alleged.

[2] The Superior Court's Order also states that "V Zayas" is "dismissed without prejudice for lack of prosecution." (Notice of Removal, Ex. F) It is not clear which Defendant-- Victor Zayas, or Victor M. Zayas-- "V Zayas" refers to.

4

proof of service of the Amended Complaint to any defendant."
(Notice of Removal, ¶ 12)

The Notice of Removal asserts that this Court has federal question subject matter jurisdiction by virtue of the Amended Complaint's assertion that "[t]his is a civil rights action . . . to seek relief for the Defendants [sic] violations of their [sic] rights secured by the Equal Protection Clause of the Fourteenth Amendments [sic] to the United States Constitution." (Amended Complaint, ¶ 1)[3]

After removal, pursuant to this Court's Individual Rules and Procedures, three different Defendants-- Defendants Rouhanifard, Delgado, and Pugh-Bassett-- represented by three different attorneys, filed pre-motion letters setting forth the reasons why the claims asserted against them should be dismissed. Most relevant to the matters discussed herein, all three Defendants asserted that the § 1983 claim[s] failed, as a matter of law, for more than one reason. Those reasons were: (1) failure to allege any personal involvement in the underlying tort by any of the three Defendants; and (2) failure to allege any facts supporting an equal protection claim, such as an

---

[3] In another place, the Amended Complaint specifically cites 42 U.S.C. § 1983. Amend. Compl. ¶ 4. The parties are not diverse.

5

allegation concerning Plaintiffs' membership in any protected class. [See Dkt. Entries 15, 18, and 19]

Additionally, and importantly, in his pre-motion letter filed on September 12, 2018, Defendant Rouhanifard, the former Superintendent of the Camden City School District, explicitly stated that he "has no involvement with LEAP Academy at all because it is a separate school district with a charter issued directly by the State of New Jersey," and that "the Complaint erroneously pleads that Mr. Rouhanifard had authority over LEAP Academy and the busing company LEAP Academy hired." [Dkt. Entry 15, p. 2 n.1]

Defendants' letters were filed on the docket on September 12, 21, and 25, 2018, respectively. Pursuant to the Court's Individual Rules and Procedures, Plaintiffs' responses to those letters were due on September 19, 28, and October 2, 2018, respectively. On September 21, 2018, when the Court had not received Plaintiff's response to the September 12th letter-- i.e., the letter which asserted that Defendant Rouhanifard did not, and could not, have anything to do with this case-- the Court entered an Order to Show Cause directing Plaintiffs to file, within three business days, (1) an explanation for why they had not responded to the letter, and (2) a response to the letter. Plaintiffs failed to comply with this Court's Order,

6

and on September 28, 2018, the Court administratively terminated this case based on Plaintiffs' inaction.

Exactly two months after the Court issued the Order to Show Cause, and after the case lay dormant for almost two months, on November 21, 2018, Plaintiffs filed the instant Motion to Reopen.[4] The motion explains that Plaintiffs' counsel, a solo practitioner, was vacationing in Florida for about 10 days from September 21, 2018 to October 1, 2018. It also asserts state law theories of liability as to Defendants Delgado and Pugh-Bassett, and further asserts that "administrative closure has an unintended, and untenable consequence of foreclosing relief on the remaining controversy where liability exists as a matter of law, and recovery is probable from the remaining Defendants, Victor M. Zayas, LEAP Academy, First Student, Inc., Chief Executive Officer, the School Bus Driver and John Does 1 – 10." (Moving Brief, ¶ 5).[5] Importantly, the Motion says nothing with regard to the claims against Defendant Rouhanifard, and articulates no theory of liability arising under federal law

---

[4] In what would become a recurring problem with electronic filings by Plaintiffs' counsel, Mr. Norwood, the Motion to Reopen was filed on the docket in duplicate. [See Dkt Entries 21, 22]

[5] As set forth above, the documents attached to the Notice of Removal cast substantial doubt on Plaintiffs' assertion that the CEO of First Student, LEAP Academy, and perhaps Victor M. Zayas, are actually "remaining Defendants."

7

against any Defendant.  Notably, counsel for all three Defendants filed opposition to the motion.

The Court heard oral argument on the motion on January 24, 2019.[6]  Counsel for Defendants Rouhanifard, Delgado, and Pugh-Bassett all appeared, as well as counsel for the First Student Defendants.[7]  At the outset of the hearing, Plaintiffs' counsel stated that his clients were "dismissing" all of their claims against Defendants Rouhanifard, Delgado, and Pugh-Bassett.  Plaintiffs' counsel thereafter conceded that there are no viable federal claims asserted against any remaining Defendants.

## II.

The Court considers Plaintiffs' request for relief as arising under Federal Rule of Civil Procedure 60(b).  The rule states, in relevant part, "[o]n motion and upon such terms as

---

[6] As the docket reflects, Plaintiffs' counsel, Mr. Norwood, inexplicably filed in triplicate a request to postpone the oral argument to an unspecified date due to a scheduling conflict in another court.  After the Court determined that counsel's time conflict existed only as to the morning of January 24, 2019, the Court rescheduled oral argument to the afternoon.

[7] Although not specifically discussed at oral argument, the Court assumes that counsel for Defendant Rouhanifard, Mr. Shah, traveled from his law office in Lyndhurst, New Jersey, and that counsel for the first Student Defendants, Ms. Shields, traveled from her office in Newark, New Jersey, to attend the oral argument in Camden, New Jersey, where this Court sits.  The Court takes judicial notice that Lyndhurst is approximately 100 miles from Camden, and that Newark is approximately 90 miles from Camden.

8

are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Courts examine at least four non-exclusive factors when determining whether neglect was excusable: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 319 (3d Cir. 2012) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs, Ltd. P'ship, 507 U.S. 380, 395 (1993)).

### III.

Plaintiffs' counsel's excuse that he was on vacation from September 21, 2018 to October 1, 2018 does not sufficiently establish excusable neglect because it does not account for all of the time during which counsel failed to respond. Plaintiffs' response to Defendant Rouhanifard's pre-motion letter was due on September 19, 2018-- two days before counsel's vacation. Moreover, counsel's vacation ended on October 1, 2018, yet he did not file the instant motion until November 21, 2018. At

9

oral argument on the motion, counsel gave no excuse for his neglect in this regard.[8]

Even more troubling, however, was Plaintiffs' counsel's "dismissal," at oral argument, of the claims against Defendants Rouhanifard, Delgado, and Pugh-Bassett, and concession that Plaintiffs have no viable federal claim against any Defendant, decisions counsel had made with his clients four days <u>prior</u> to oral argument. Counsel's belated disclosure effectively mooted the reason for having oral argument on the motion and the pre-motion letters. Yet Mr. Norwood waited until his appearance to announce Plaintiffs' intent to dismiss. Such tactic resulted not only in a waste of the Court's time, but equally as important, a waste of counsels' time (and their clients' money). That counsel did not telephone or email the parties he intended to dismiss is unacceptable. The practice of law should beckon the practice of etiquette.

The circumstances with regard to Defendant Rouhanifard are the most egregious. Due to Mr. Norwood's admitted neglect, for which Norwood has provided no adequate excuse, Rouhanifard's

---

[8] To be clear, and as stated on the record during oral argument, the Court takes no issue with the fact that counsel, a solo practitioner, took a vacation. The problem in this case is counsel's failure to account for the time before and after his vacation.

counsel likely made a 200-mile roundtrip on January 24, 2019[9], when the claims against Rouhanifard should have (a) never been filed in the first place[10], or (b) been dismissed sometime in September or early October 2018, or (c) at the very latest, dismissed sometime in the days between Plaintiffs' decision to dismiss the claims and the day of oral argument.  Even as to the other Defendants, time and money were needlessly wasted.  Mr. Norwood could have accomplished everything that resulted from the oral argument by simply filing on the docket an appropriate Notice of Voluntary Dismissal, see Fed. R. Civ. P.

---

[9]  As stated before, the Court assumes for purposes of this motion only that Rouhanifard's counsel traveled from Lyndhurst, New Jersey.  See supra, note 7.

[10]  As stated supra, Defendant Rouhanifard contends, and Plaintiffs have never disputed, that Rouhanifard never had authority over LEAP Academy during the relevant time period. This fact, along with Plaintiffs' original claim(s) against the CEO of First Student, Inc., see supra note 1, leads this Court to question whether Mr. Norwood conducted adequate pre-suit investigation of the facts supporting the allegations and claims his clients assert, or have asserted, in this suit.  See, generally, Fed. R. Civ. P. 11(b)("By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting or later advocating it-- an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have support after a reasonable opportunity for further investigation or discovery."); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court.").

41(a)(1)(A)(i), prior to the argument.  Such failures on Mr. Norwood's part certainly prejudiced Defendants, and fell short of this Court's expectations for professionalism, not to mention courteousness.  For these reasons, the Court hereby issues a formal judicial reprimand of Mr. André A. Norwood, Jr., Esq.  Mr. Norwood is forewarned that similar conduct in future cases will be met with harsher discipline.

Moreover, while Plaintiffs have not established their right to relief under Fed. R. Civ. P. 60(b), the Court will nonetheless exercise its discretion to reopen this case for the limited purpose of dismissing from this suit Defendants Delgado, Pugh-Bassett, and Rouhanifard, as well as all federal claims, consistent with Mr. Norwood's concession at oral argument.  See Fed. R. Civ. P. 41(a)(1)(A)(i).  Further, there being no independent basis for exercising subject matter jurisdiction, this Court will decline to exercise supplemental jurisdiction over the remaining claims in this suit, see 28 U.S.C. § 1367(c)(3), and will remand this case to New Jersey Superior Court.  An appropriate Order accompanies this Opinion.


Dated:  January 29, 2019         __s/ Renée Marie Bumb____
                                 Renée Marie Bumb, U.S.D.J.